IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>       Plaintiff,<br><br>v.<br><br>BAE SYSTEMS TACTICAL VEHICLE<br>SYSTEMS, LP<br>       Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  4:11-cv-3497<br><br><br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED ORIGINAL COMPLAINT

1.      This is an action under Title I of the Americans with Disabilities Act, *as amended,* ("ADA"), 42 U.S.C. §112101 *et seq.,* the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §12101, *et seq.* and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ronald Kratz, II ("Kratz") and any other persons who were adversely affected by such practices.  Specifically, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") would show that, in violation of the ADA, Defendant BAE Systems Tactical Vehicle Systems, LP ("Defendant" or "BAE")(a/k/a BAE Systems L&A Mobility & Protection Systems) discharged Kratz because of his disability; failed to accommodate Mr. Kratz's disability, and denied Mr. Kratz equal employment opportunities with BAE.  Additionally, the Commission seeks injunctive relief on behalf of all others who may have been adversely affected by BAE's discriminatory practices and to prevent the occurrence of such practices in the future.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451,

1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, *as amended*, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964 *as amended*. 42 U.S.C. §§2000e-5(f)(1) and (3).

3. Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, *as amended*, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964 *as amended*, §§2000e-5(f)(1) and (3).

5. At all relevant times, Defendant BAE has continuously been and is now doing business in the State of Texas and the City of Sealy and has continuously had more than 15 employees.  Defendant will be served with this First Amended Original Complaint, pursuant to agreement, by service upon its counsel, Nancy Patterson of Morgan, Lewis & Brockius, LLP.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§12111(5)and (7), which incorporates Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e (b), (g) and (h).

7.     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

### STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit Kratz, filed a charge with the Commission alleging violations of Title I of the ADA and the ADAAA by BAE. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and an attempt to conciliate the charge.

9.     Since about October 2009, Defendant has engaged in unlawful employment practices, in violation of Sections 102(a) of the ADA, 42 U.S.C. §12112(a).

10.     Defendant BAE has more than 500 employees.

11.     Kratz had been employed with BAE or its predecessor company continuously since 1994. In approximately 2001 he was promoted to the position of material handler III, in which he continued to work until his discharge in October 2009.

12.     At the time of his discharge, Kratz was morbidly obese. Kratz's morbid obesity substantially limits him in one of more major life activities. Morbid obesity is a disability under the ADAAA.

13.     BAE regarded Kratz's morbid obesity as substantially limiting him in one or more major life activities.

14.     At all times relevant to this suit Kratz, with or without reasonable accommodation, could perform the essential functions of his material handler III position.

15.     On or around October 28, 2009, Kratz reported to work as usual when he was informed by his supervisor to report to human resources, where he met with his supervisor, a human resources official and an inventory manager. The human resources official

informed Kratz that the company had reached the conclusion that he could no longer perform his job duties because of his weight and he was therefore terminated.

16. At the discharge meeting, Kratz inquired whether he could be transferred into a different position rather being discharged and was told no by the human resources official.

17. Kratz was discharged because of his morbid obesity.

18. BAE did not engage in the interactive process with Kratz to determine whether there were reasonable accommodations which would allow Kratz to perform the essential functions of his position.

19. Mr. Kratz was qualified to perform the essential functions of the material handler III position with reasonable accommodation of his disability.

20. BAE regarded Kratz's morbid obesity as substantially limiting him in the major life activities of, among others, walking, standing, kneeling, stooping, lifting and breathing.

21. Kratz was replaced in his position by someone who was not morbidly obese.

22. On Kratz's 2008 and 2009 performance evaluations, he earned overall performance ratings each year of "very good".

23. The effect of these unlawful practices has been to deprive Mr. Kratz of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because of his disability.

24. Other qualified individuals with disabilities may have been deprived of equal employment opportunities or may have been adversely affected by these unlawful practices or could be adversely affected by such practices in the future because of their disabilities.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices described above were committed with malice or with reckless indifference for the federally protected rights of Mr. Kratz.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

27. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminate on the basis of disability, within the meaning of the ADA and ADAAA;

28. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who have opposed any practice made unlawful by the ADA, ADAAA or who have made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under the ADA or ADAAA;

29. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities within the meaning of the ADA and ADAAA, and which eradicate the effects of Defendant's past and present unlawful employment practices;

30. Order Defendant to make Mr. Kratz whole by providing appropriate back pay, in amounts to be determined at trial, with prejudgment interest, for lost wages resulting from the discrimination and other affirmative relief necessary to eradicate the effects of the unlawful employment practices to which he was subjected;

Case 4:11-cv-03497   Document 4   Filed in TXSD on 10/21/11   Page 6 of 8

31. Order instatement into a comparable position for Mr. Kratz or award front pay, in the amounts to be proven at trial, if instatement is impractical;

32. Order BAE to make Mr. Kratz whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses incurred as a result of the unlawful practices described above, in amounts to be proven at trial;

33. Order BAE to make Mr. Kratz whole by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

34. Award punitive damages to Mr. Kratz for BAE's malicious and/or reckless conduct described above, in amounts to be proven at trial;

35. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

36. Award the Commission its costs in this action;

37. Grant the Commission such other and further relief as the Court deems necessary and proper in the public interest, including post-judgment interest.

## **JURY TRIAL DEMANDED**

38. The Commission requests a jury trial on all questions of fact raised by its complaint.

-6-

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. David Lopez
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M. Street, NE
Washington, D.C. 20507


By: /s/ *Kathy D. Boutchee*
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    EEOC
    Houston District Office
    1919 Smith Street, 6th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Houston District Office
1919 Smith, 6th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on counsel of record as follows:

>Nancy Patterson - **Via Certified Mail, RRR & Electronic Mail**
>Morgan, Lewis & Brockius, LLP
>1000 Louisiana St., Suite 4200
>Houston, Texas 77008

on October 21, 2011.

>/s/ *Kathy D. Boutchee*
>Kathy D. Boutchee

P:\BAE Systems\Pleadings\BAE-1st Amended OriginalComplaint.wpd