IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. |
| v. | § § | 4:11-cv-03497 |
| BAE SYSTEMS, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## DEFENDANT'S AFFIRMATIVE DEFENSES AND ORIGINAL ANSWER

Defendant BAE Systems Tactical Vehicle Systems, LP, ("Defendant") files its Affirmative Defenses and Original Answer to Plaintiff's First Amended Original Complaint, and would respectfully state as follows:

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's First Amended Original Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3. Defendant has at all times had in place and enforced policies prohibiting discrimination. Further, Ronald Kratz ("Kratz") failed to take advantage of these policies in that he failed to request accommodation in connection with the performance of his essential job duties.

4. All actions with respect to Kratz's employment were been based on legitimate, non-discriminatory reasons.

5. Kratz is not a "disabled" individual as that term is defined by the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, nor was he at any time "perceived" as or "regarded as disabled." Alternatively, and by way of further affirmative defense, Kratz was not otherwise qualified to perform the essential functions of his position with or without reasonable accommodations. Alternatively, and by way of further affirmative defense, Defendant contends that no reasonable accommodation was available that would have enabled Kratz to perform the essential functions of his job.

6. Defendant further contends that all actions taken with respect to Kratz were done in good faith at all times and Defendant did not willfully violate any statutes.

7. Kratz was not able to perform the essential functions of his job without posing a direct threat to his own health and safety or the health and safety of others.

8. Plaintiff's claims are barred in whole or in part because Defendant's actions were job related and/or justified by business necessity

9. To the extent Plaintiff makes claims for exemplary damages, such claims are barred in whole or in part by the United States Constitution.

10. Defendant further states that Plaintiff's investigation of this matter was inadequate and reached an unfounded and improper conclusion.

11. Kratz failed in whole or in part to mitigate his alleged damages, if any.

## ANSWER

Subject to the above and foregoing Affirmative Defenses, Defendant pleads as follows to the specific allegations contained in Plaintiff's First Amended Original Complaint.

12. With regard to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff seeks damages and other relief under Title I of the Americans

with Disabilities Act ("ADA"), as amended, and Title I of the Civil Rights Act of 1991, however, Defendant denies that it has discriminated against Kratz in any manner and further denies that it has violated any of Kratz's statutory or common law rights. Defendant further denies that it has discriminated against any other person in any manner and denies that it has violated any other person's statutory or common law rights. Defendant denies that it is liable to Kratz or Plaintiff for any of the relief or damages Plaintiff seeks. Defendant denies that it is also known as BAE Systems L&A Mobility and Protection Systems.

13. With regard to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction to hear this matter, however, Defendant denies that it is liable to Kratz or Plaintiff on any of the claims asserted in Plaintiff's Complaint.

14. With regard to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits that venue is proper in this district and division, however, Defendant denies that it is liable to Kratz or Plaintiff on any of the claims asserted in Plaintiff's Complaint.

15. With regard to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits that the Equal Employment Opportunity Commission (the "EEOC") is an agency of the United States charged with the duties as described, however, Defendant denies that it is liable to Kratz or Plaintiff on any of the claims asserted in Plaintiff's Complaint.

16. With regard to the allegations contained in Paragraph 5 of Plaintiff's Complaint, the phrase "at all relevant times" is vague and undefined and, therefore, Defendant is unable to admit or deny that aspect of the allegations. Defendant admits that it is currently doing business in the State of Texas and the City of Sealy and employs more than 15 employees. Defendant admits that Plaintiff's First Amended Original Complaint has been served upon Defendant's

counsel, Nancy Patterson. Defendant denies that the name of Ms. Patterson's law firm is Morgan, Lewis & Bockius LLP.

17. With regard to the allegations contained in Paragraph 6 of Plaintiff's Complaint, the phrase "at all relevant times" is vague and undefined and, therefore, Defendant is unable to admit or deny that aspect of the allegations. Defendant admits that it is an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, however, Defendant denies that it has violated that statute in any respect.

18. With regard to the allegations contained in Paragraph 7 of Plaintiff's Complaint, the phrase "at all relevant times" is vague and undefined and, therefore, Defendant is unable to admit or deny that aspect of the allegations. Defendant admits that it is a covered entity under Section 101(2) of the ADA, however, Defendant denies that it has violated that statute in any respect.

19. With regard to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits that Kratz filed a charge with the EEOC more than thirty days prior to the institution of this lawsuit alleging that Defendant violated the ADA, as amended. Defendant denies that the EEOC Charge specifically alleged violations of Title I of the ADA and the ADAAA. Defendant further denies that the EEOC performed a proper investigation, denies that the EEOC's determination is supported by the facts or the law and denies that it is liable in any respect for any violation of the ADAAA, however, Defendant otherwise admits that the conditions precedent to the institution of this lawsuit have been fulfilled.

20. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

21. Defendant admits the allegation contained in Paragraph 10 of Plaintiff's Complaint.

22. With regard to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant denies that Kratz was promoted to the position of Material Handler III in 2001. Kratz was promoted in 2001 to the position of Senior Material Handler, the title of which was reclassified to Material Handler/Receiver III in 2002. Defendant admits the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

23. With regard to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant states that the term "morbidly obese" is not defined and is therefore vague and ambiguous; accordingly Defendant lacks sufficient information or belief to admit or deny whether Kratz was "morbidly obese" at the time of his discharge or whether Kratz's alleged "morbid obesity" substantially limited him in one or more major life activities, and therefore Defendant denies those allegations. The allegation that "morbid obesity is a disability under the ADAAA" is a conclusion of law to which no responsive pleading is required.

24. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

26. With regard to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits that while at work on or about October 28, 2009, Kratz was informed by his supervisor to report to human resources; that he met with his supervisor, a human resources official, and an inventory manager; and that the human resources official informed Kratz that he

was terminated. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

32. With regard to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant lacks sufficient information or belief to admit or deny whether Kratz was replaced in his position by someone who was not morbidly obese, and therefore Defendant denies those allegations. Defendant further states that Kratz's position has subsequently been eliminated along with many other positions as a result of several reductions in the Defendant's workforce at the Sealy, Texas facility.

33. Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint to the extent that Kratz received a performance rating of "very good" for a period ending in 2008 and for a period beginning on January 31, 2008 and ending in January 31, 2009. Defendant denies that Defendant received a performance rating of "very good" for any work performed after January 31, 2009.

34. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

38. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 27 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 27 of Plaintiff's Complaint.

39. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 28 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 28 of Plaintiff's Complaint.

40. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 29 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 29 of Plaintiff's Complaint.

41. Defendant denies that Kratz is entitled to any of the relief sought in Paragraph 30 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 30 of Plaintiff's Complaint.

42. Defendant denies that Kratz is entitled to any of the relief sought in Paragraph 31 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 31 of Plaintiff's Complaint.

43. Defendant denies that Kratz is entitled to any of the relief sought in Paragraph 32 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 32 of Plaintiff's Complaint.

44. Defendant denies that Kratz is entitled to any of the relief sought in Paragraph 33 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices that warrant the relief sought in Paragraph 33 of Plaintiff's Complaint.

45. Defendant denies that Kratz is entitled to any of the relief sought in Paragraph 34 of Plaintiff's Complaint. Defendant denies that it acted with malicious or reckless conduct towards Kratz.

46. Defendant denies that Kratz or Plaintiff is entitled to any of the relief sought in Paragraph 35 of Plaintiff's Complaint.

47. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 36 of Plaintiff's Complaint.

48. Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 37 of Plaintiff's Complaint.

49. Defendant admits that Plaintiff has requested a jury trial on all questions of fact raised by its complaint.

50. Defendant denies each and every other allegation, whether express or implied, not specifically admitted herein.

WHEREFORE, PREMISES CONSIDERED, Defendant BAE Systems Tactical Vehicle Systems, LP, respectfully prays that Plaintiff's Original Complaint be dismissed and denied in its entirety and that Defendant recover its costs and reasonable attorneys' fees and all other relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ *Nancy L. Patterson*
Nancy L. Patterson
State Bar No. 15603520
A. John Harper III
State Bar No. 24032392
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on this the 25th day of October, 2011, a true and correct copy of the foregoing was served upon the following parties via the Court's CM/ECF system:

Ms. Kathy D. Boutchee
Mr. P. David Lopez
Mr. James Lee
Ms. Gwendolyn Young Reams
Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 6th Floor
Houston, Texas 77002

/s/ *Nancy L. Patterson*
Nancy L. Patterson

DB1/ 68392731.1